UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNIE WILLIAMSON, <br> Plaintiff, <br> v. <br> ANDREW SAUL, <br> Defendant. | Case No. 18-cv-04906-JSC <br><br> **ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 21, 22 |

Plaintiff Earnie Williamson seeks social security benefits for a variety of physical and mental impairments including PTSD, gout, arthritis, poor circulation, chronic back and knee pain, and hearing loss. (Administrative Record ("AR") 62, 242, 1022.) Pursuant to 42 U.S.C § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his benefits claim. Now before the Court are Plaintiff's and Defendant's Motions for Summary Judgment.[1] (Dkt. Nos. 21 & 22.[2]) Because the decision of the Administrative Law Judge ("ALJ") to deny benefits is supported by substantial evidence and otherwise free of legal error, the Court DENIES Plaintiff's motion and GRANTS Defendant's cross-motion.

**BACKGROUND**

Plaintiff filed applications for disability insurance benefits and supplement security income, under Titles II and XVI of the Social Security Act (the "Act") on October 21, 2014 alleging a disability onset date of June 2, 2014. (AR 16, 177.) His applications were denied both

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C § 636(c). (Dkt. Nos. 13 & 14.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

initially and upon reconsideration. (AR 16.) Plaintiff then submitted a written request for a hearing before an ALJ and his hearing was held before Judge Arthur Zeidman on February 7, 2017. (AR 35.) On August 16, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 16-29.) The ALJ found that Plaintiff's only severe impairment was fracture of the left knee and that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 18-22.) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work with certain limitations. (AR 22.) The ALJ concluded that Plaintiff was not disabled because he was capable of performing his past relevant work as a janitor, as well as other jobs existing in significant numbers in the national economy. (AR 28.)

Plaintiff filed a request for review of the ALJ's decision which was denied on June 8, 2018 making the ALJ's decision the Commissioner's final decision. (AR 1-3.) After the Appeals Council denied review, Plaintiff sought review in this Court. (Dkt. 1.) In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment (Dkt. Nos. 21, 22), which are now ready for decision without oral argument.

## ISSUES FOR REVIEW

1. Did the ALJ err in finding that Plaintiff only had one severe impairment?
2. Did the ALJ err in giving the greatest weight to the medical opinions of the consultative examiner and non-examining state agency medical consultants, and giving little weight to Plaintiff's treating source opinion?
3. Did the ALJ err in formulating Plaintiff's RFC and finding that he did not meet Social Security Grid Rule 202.04?

## LEGAL STANDARD

A claimant is considered "disabled" under the Social Security Act if he meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

than 12 months." 42 U.S.C § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that he is unable to do his previous work and cannot, based on his age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's "residual function capacity," ("RFC") the claimant can still do her "past relevant work"' and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012); *see also* 20 C.R.F. §§404.1520(a), 416.920(a).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* In other words, if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.,* 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). However, "a decision supported by substantial evidence will still be set aside if the ALJ does not apply proper legal standards." *Id.*

## DISCUSSION

### A. The ALJ's Determination regarding Plaintiff's Severe Impairment

The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). Here, Plaintiff insists that the ALJ erred in finding that Plaintiff

3

only had one severe impairment: fracture of the left knee and contends that the ALJ also should have found that Plaintiff's lumbar degenerative disc disease with lumbar faced arthopathy, cervical spondylosis, left knee degenerative joint disease, major depressive syndrome, and posttraumatic stress disorder ("PTSD") were severe. The Court addresses each alleged impairment in turn.

First, with respect to the mental health impairments—PTSD and major depressive syndrome—although Plaintiff asserts that "[t]he evidence shows that Mr. Williamson's mental health impairments meet the de minimis inquiry," Plaintiff does not cite to any such evidence. (Dkt. No. 21 at 7:17-18.) Instead, Plaintiff cites to records and imaging regarding his lumbar spine. (*Id.* at 7:19-23.) Plaintiff's perfunctory argument fails to demonstrate that the ALJ's determination that Plaintiff's mental health was not a severe impairment was not supported by substantial evidence. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ discussed at length whether the medical evidence supported a finding that Plaintiff's depressive disorder was severe and found that it did not.[3] (AR 19-22.) Plaintiff has not specifically discussed or challenged any of the ALJ's findings in this regard. *Cookson v. Comm'r of Soc. Sec.*, No. 2:12-CV-2542-CMK, 2014 WL 4795176, at *2 (E.D. Cal. Sept. 25, 2014) ("The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings"), aff'd sub nom, *Cookson v. Colvin*, 669 F. App'x 907 (9th Cir. 2016); *see also Deluca v. Berryhill*, 721 F. App'x 608, 610 (9th Cir. 2017) (stating that plaintiff's failure to "specifically and distinctly" raise arguments waives or forfeits the argument (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)).). Accordingly, Plaintiff has failed to show that the ALJ's determination that Plaintiff's mental impairments were either not severe or not medically determinable is not supported by substantial evidence.

---

[3] The ALJ concluded that Plaintiff's PTSD was not medically determinable because there was no support in the record for Dr. Kennedy's diagnosis of PTSD and Plaintiff never received treatment for PTSD. Plaintiff does not raise an issue with the ALJ's determination that the PTSD was not medically determinable separate from the challenge to the ALJ's finding regarding Plaintiff's mental health impairments generally.

4

Second, Plaintiff contends that the ALJ failed to consider whether Plaintiff's degenerative joint disease in his left knee is a medically determinable impairment. However, the ALJ did find that Plaintiff's fracture of the left knee was a severe impairment and discussed all the of the medical evidence regarding Plaintiff's knee—including that cited by Plaintiff—in detail later in his analysis and as such any failure to consider it at Step 2 was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that any failure to consider whether an impairment was substantial at Step 2 was harmless where the impairment was "extensively discussed" at Step 4).

Third, as to the severity of Plaintiff's lumbar spine impairment, Plaintiff argues that the ALJ erred because he did not discuss Plaintiff's lumbar spine issues at all in his opinion. Plaintiff insists that "[t]he record is replete with evidence of Mr. Williamson complaining of back pain, and objective imaging providing diagnoses." (Dkt. No. 21 at 7:22-23.) While the February 12, 2015 lumbar spine xray that Plaintiff relies upon refers to "L5-S1 degenerative disc disease and facet arthropathy," Plaintiff's treatment notes from around the same time and thereafter do not suggest any functional limitations as a result of back pain. *See, e.g.*, AR 689 (2/4/15 exam notes "Pt reports no issues with lower back pain"); AR 729-30 (2/10/15 exam notes "musculoskeletal: no joint pain, no swelling, range of motion intact" and "[n]o vertebral tenderness, range of motion normal"): AR 767 (4/29/15 exam notes back pain "on and off"); AR 805 (12/1/15 ER visit "Back – Normal, no midline spine tenderness, no CVAT[4]"); AR 816 (6/25/16 ER visit "Back – Normal appearance, no CVAT"). An ALJ is not required to discuss all "alleged medical condition[s] in the absence of significant probative evidence that they had some functional impact on [plaintiff's] ability to work." *Houghton v. Comm'r Soc. Sec. Admin.*, 493 F. App'x 843, 845–46 (9th Cir. 2012); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("the ALJ is not required to discuss evidence that is neither significant nor probative"). Accordingly, Plaintiff has not shown that the ALJ erred in failing to consider Plaintiff's back pain as a severe impairment.

---

[4] CVAT stands for costovertebral angle tenderness.

5

Finally, with respect to Plaintiff's cervical spine, Plaintiff contends that although the ALJ discussed the medical evidence with respect to Plaintiff's spine condition, the ALJ erred in substituting his own medical judgment for that of the treating source opinion which found that Plaintiff's chronic pain from his cervical spondylosis more than minimally affected Plaintiff's ability to perform basic work activities. Plaintiff contends that his "chronic pain stemming from his cervical spondylosis is found throughout his medical evidence," but does not cite to any such evidence. Although the functional limitation report of Plaintiff's treating source Nurse Practitioner Lewis Simpler stated that Plaintiff has cervical spondylosis (among other impairments), Mr. Simpler did not tie the cervical spondylosis to any particular functional limitation. (AR 1022.) Further, the medical evidence, including that from Mr. Simpler, reflects normal findings regarding Plantiff's neck. *See, e.g.,* AR 782:10/22/15 exam by Mr. Simpler noting the neck was "normal"); AR 805 (12/1/15 Emergency Room visit for a head cold reflects neck "supple"); AR 934 (12/21/15 exam with Mr. Simpler reflects negative cervical spinal tenderness although some limited lateral rotation bilaterally); AR 929 (1/20/16 exam by Mr. Simpler reflects "negative cervical spinal/paraspinal tenderness); AR 816 (6/25/16 emergency room visit for bilateral eye tearing and blurry vision associated with a headache notes the neck is "supple"). Plaintiff appears to take issue with the ALJ's statement that Plaintiff had mildly reduced range of motion suggesting that this was the ALJ's opinion, but in fact, it was the opinion of the consultative examining physician Dr. Eugene McMillion—which the ALJ cites. (AR 19 citing AR 676.) Plaintiff has failed to offer any evidence suggesting that the ALJ's conclusion that Plaintiff had "intermittent neck pain" which no "more than minimally affects his ability to perform basic work activities" was not supported by substantial evidence. (AR 19.)

Accordingly, the Court concludes that substantial evidence supports the ALJ's finding that Plaintiff's knee pain was a severe impairment and that any error with respect to the ALJ's consideration of his other impairments is harmless given that the ALJ considered all the probative medical evidence at length elsewhere in his opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

6

record.").

## B. The ALJ's Evaluation of the Medical Evidence

Next, Plaintiff contends that the ALJ erred in giving little weight to the opinion of his treating source Nurse Practicioner Simpler while giving the greatest weight to the consultative examiner Dr. McMillan and non-examining state agency medical consultants Drs. Sohn and Jones. In the Ninth Circuit, courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended (Apr. 9, 1996)). A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of a nonexamining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and the ALJ "must provide "clear and convincing" reasons for rejecting an uncontradicted opinion of an examining physician. *Lester*, 81 F.3d at 830-31.

### 1) Nurse Practicioner Simpler

The ALJ gave little weight to the opinion of Nurse Practicioner Simpler because he found that Mr. Simpler's opinions were "overly restrictive and not supported by the overall medical evidence of record." (AR 27.) Plaintiff contends that the ALJ in erred in doing so because (1) as a treating source opinion Mr. Simpler's opinion was entitled to deference and had to be weighed using the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927; (2) the ALJ did not give specific and legitimate reasons for rejecting his opinion; and (3) the ALJ failed to consider evidence of impairments other than Plaintiff's knee.

First, contrary to Plaintiff's argument, when reviewing claims filed prior to March 27, 2017, "a nurse practitioner is not an acceptable medical source," but is instead defined as an "other source[ ]" entitled to less deference. *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527(f). "The ALJ may discount

7

testimony from these other sources if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citation and quotation marks omitted).

Second, as noted *supra*, the ALJ was required to give germane reasons, not specific and legitimate reasons, for giving Mr. Simpler's opinion little weight. The ALJ's rationale that Mr. Simpler's opinion was overly restrictive and not supported by the overall medical evidence—which the ALJ discussed in detail—are germane reasons for rejecting Mr. Simpler's opinion. This is not a case where the ALJ only discussed the medical evidence in a perfunctory manner. To the contrary, the ALJ discussed the medical evidence in detail, *see* AR 23-26, and Plaintiff has not pointed to any evidence which contradicts the ALJ's conclusion regarding Mr. Simpler's opinion; that is, evidence which supports Mr. Simpler's functional capacity assessment. *See Elsey v. Saul*, 782 F. App'x 636 (9th Cir. 2019) (holding that the ALJ gave germane reasons for rejecting a nurse practicioner's opinion where "the ALJ determined that [the nurse practicioner's] opinion was inconsistent with the other evidence provided"); *Shorter v. Saul*, 777 F. App'x 209, 211 (9th Cir. 2019) (holding that "[t]he ALJ properly rejected [the nurse practicioner's] opinions based on inconsistency with objective medical evidence").

Third, as discussed *supra*, an ALJ is not required to discuss all "alleged medical condition[s] in the absence of significant probative evidence that they had some functional impact on [plaintiff's] ability to work." *Houghto*n, 493 F. App'x at 845–46; *see also Howard*, 341 F.3d at 1012 ("the ALJ is not required to discuss evidence that is neither significant nor probative").

Accordingly, the ALJ provided germane reasons supported by substantial evidence for giving little weight to the opinion of Mr. Simpler.

**2) Consultative Examiner Dr. McMillan and Non-Examining Consultants Drs Jones and Sohn's**

The ALJ gave great weight to the opinion of consultative examiner Dr. McMillan because "it is supported by the physical examination findings at the evaluation and is consistent with the record as a whole." (AR 26.) The ALJ likewise gave great weight to the opinions of Drs Jones and Sohns because he found that they were consistent with the record as a whole as discussed.

8

(*Id.*) Plaintiff insists that the ALJ erred in doing so because (1) the fact that the opinion was consistent with Dr. McMillan's physical examination is not substantial evidence, and (2) because the ALJ erred in determining that Plaintiff's knee impairment was his only impairment. The Court has considered, and rejected this latter argument as discussed *supra*. With respect to Plaintiff's argument that a consultative examiner's clinical findings are not substantial evidence which the ALJ may consider when deciding what weight to give a medical opinion, Plaintiff cites no authority in support of this theory and, indeed, the contrary is true. *See* 20 C.F.R. § 404.1527 ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Accordingly, the ALJ provided specific and legitimate reasons supported by substantial evidence for giving great weight to the opinions of Drs McMillan, Jones, and Sohn.

### C. The ALJ's RFC Determination and Social Security Grid Rule 202.04

Plaintiff's argument that the ALJ erred in formulating his RFC is predicated on his arguments regarding the ALJ's weighing of the medical evidence. Because the Court finds that the ALJ's weighing of the medical evidence was not in err, substantial evidence supports the RFC finding.

### CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is DENIED and the Commissioner's cross-motion is GRANTED. The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Dated: January 16, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge